UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
JOSE HERNANDEZ,

                        Plaintiff,

      -against-                                   **COMPLAINT**

MJS COHEN INC. d/b/a PRIME BISTRO, and
RAPHY BITTON,

                        Defendants.
----------------------------------------------------------------------X

      Plaintiff Jose Hernandez ("Plaintiff" or "Hernandez"), by his attorneys Pechman Law Group PLLC, complaining of Defendants MJS Cohen Inc. d/b/a Prime Bistro and Raphy Bitton (collectively, "Defendants"), alleges:

### NATURE OF THE COMPLAINT

      1.     Jose Hernandez worked in the kitchen at Prime Bistro for nearly a decade. During his employment, Hernandez regularly worked up to sixty hours per week but did not receive overtime compensation for the hours he worked in excess of forty per workweek, did not receive spread-of-hours pay, and was not given wage statements at the end of each pay period.

      2.     This action is brought to recover unpaid overtime wages, spread-of-hours pay, statutory damages, pre- and post-judgement interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the New York Labor Law § 190, *et seq.* ("NYLL").

### JURISDICTION

      3.     This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b), 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as Prime Bistro is located and operated by Defendants in the Eastern District of New York.

## THE PARTIES

**Plaintiff Jose Hernandez**

5. Hernandez resides in Queens, New York.

6. Hernandez worked for Defendants from 2010 to July 2019.

**Defendant MJS Cohen Inc. d/b/a Prime Bistro**

7. Defendant MJS Cohen Inc. is a New York corporation that owns, operates, and does business as Prime Bistro.

8. Prime Bistro is located at 305 Central Avenue, Lawrence, New York 11559.

9. Prime Bistro is an upscale Kosher restaurant and steakhouse specializing in French cuisine.

10. Prime Bistro is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

11. Prime Bistro has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. In the three years preceding the filing of this Complaint, Prime Bistro has had an annual gross volume of sales in excess of $500,000.

**Defendant Raphy Bitton**

13. Defendant Raphy Bitton ("Bitton") is the owner of Prime Bistro.

14. Bitton is identified as a Principal of Prime Bistro on the New York State Liquor Authority Public Query Results webpage.

15. Throughout Plaintiff's employment, Bitton supervised the work performed by Plaintiff and all other employees.

16. Bitton hired Plaintiff, determined his rate of pay and work schedule, and also fired Plaintiff.

17. Bitton exercised sufficient control over Prime Bistro's operations to be considered Plaintiff's employer under the FLSA and the NYLL.

## STATEMENT OF FACTS

18. Plaintiff was hired by Defendants to work as a dishwasher at Prime Bistro.

19. In or about 2014, Plaintiff was given a promotion and began to work as a cook, a position he held until his termination in July 2019.

20. Plaintiff is a non-exempt employee under the FLSA and NYLL.

21. Throughout his employment at Prime Bistro, Plaintiff regularly worked five days per week.

22. Throughout the applicable statutory period, from in or about 2014 through the end of his employment in July 2019, Plaintiff worked a regular schedule of five days per workweek, from Sunday to Thursday.

23. Plaintiff was regularly scheduled to work from approximately 10:00 a.m. to closing at or around 10:00 p.m., about twelve hours per day, totaling approximately sixty hours per week of work.

24. From 2014 to 2015, Plaintiff was paid a fixed salary of $650 per week.

25. From 2015 to 2018, Plaintiff was paid a fixed salary of $700 per week.

26. From 2018 through the end of his employment in July 2019, Plaintiff was paid a fixed salary of $900 per week.

27. On the rare occasions when Plaintiff missed a day of work, Defendants deducted from his weekly paycheck. From 2014 to 2015 they deducted $130, from 2015 to 2018 they deducted $140, and from 2018 to 2019 they deducted $180.

28. Defendants only paid Plaintiff for a half day of work when the restaurant closed early in observance of Jewish holidays.

29. Defendants did not pay Plaintiff at the rate of one and one-half (1 ½) times his regular rate of pay for the hours he worked in excess of forty per workweek.

30. Defendants did not compensate Plaintiff with one hour of pay at the statutory minimum hourly wage rate for each day his shift exceeded ten hours.

31. Throughout his employment, Defendants paid Plaintiff his weekly wages partially in cash and partially by check, without an accurate corresponding wage statement that, *inter alia*, reflected his rate of pay and number of hours worked.

## FIRST CLAIM
## Fair Labor Standards Act – Unpaid Overtime

32. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

33. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a) and employed Plaintiff.

34. Plaintiff was an employee within the meaning of the FLSA.

35. Defendants were required to pay Plaintiff one and one-half (1½) times the greater of his regular rate or the full federal minimum wage rate for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

36. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the FLSA.

37. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff the proper overtime wage rate.

38. Due to Defendants' violations of the FLSA, Plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### New York Labor Law – Unpaid Overtime Wages

39. Plaintiff repeats and incorporates all foregoing paragraphs as if fully set forth herein.

40. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor ("NYDOL") Regulations and employed Plaintiff.

41. Under New York State Department of Labor ("NYDOL") regulations, including 12 N.Y.C.R.R. §§ 137-1.3, 146-1.4, Defendants were required to pay Plaintiff one and one-half (1 ½) times his regular rate of pay for all hours worked in excess of forty per workweek.

42. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NYLL and its supporting regulations.

43. Defendants willfully violated the NYLL and its supporting regulations by knowingly and intentionally failing to pay Plaintiff overtime wages.

44. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre-judgment and post-judgment interest.

## THIRD CLAIM
### New York Labor Law – Spread of Hours Pay

45. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

46. Defendants willfully failed to pay Plaintiff additional compensation of one hour of pay at the basic minimum hourly wage rate for each day during which Plaintiff's shifts spread over more than ten hours.

47. By Defendants' failure to pay Plaintiff spread-of-hours pay, Defendants willfully violated Section 650 *et seq.*, of the NYLL and the supporting NYDOL regulations, including, but not limited to, 12 N.Y.C.R.R § 146-1.6.

48. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover an amount prescribed by statue, reasonable attorneys' fees and costs of the action, pre- and post-judgement interest, and liquidated damages.

## FOURTH CLAIM
### New York Wage Theft Prevention Act – Failure to Provide Wage Statements

49. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

50. The NYLL and the WTPA require employers to provide employees with an accurate wage statement each time they are paid.

51. Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff without providing him a wage statement at the end of every pay period accurately listing, *inter alia*, the regular and overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of NYLL § 195(3).

52. Due to Defendants' violation of NYLL § 195(3), Plaintiff is entitled to recover, from Defendants, liquidated damages, reasonable attorneys' fees and costs of the action, pursuant to NYLL § 198(1-d).

## FIFTH CLAIM
### NYLL Wage Theft Prevention Act – Failure to Provide Wage Notices

53. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

54. The NYLL and the WTPA, as well as the NYLL's interpretive regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

55. Defendants failed to furnish Hernandez at his time of hiring, or whenever his rate of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

56. Due to Defendants' violation of NYLL § 195(1), Hernandez is entitled to recover from Defendants liquidated damages, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a judgment:

      a.      declaring that Defendants have violated the overtime wage provisions of the FLSA, the NYLL, and the NYDOL regulations;

      b.      declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

      c.      declaring that Defendants violated the notice and record-keeping provisions of the NYLL and WTPA;

      d.      declaring that Defendants' violations of the FLSA and the NYLL were willful;

      e.      awarding Plaintiff damages for unpaid overtime wages;

      f.      awarding Plaintiff unpaid spread-of-hours pay;

      g.      awarding Plaintiff statutory damages as a result of Defendants' failure to furnish Plaintiff with accurate wage statements pursuant to the NYLL and WTPA;

      h.      awarding Plaintiff liquidated damages in an amount equal to the total amount of wages found to be due pursuant to the FLSA;

      i.      awarding Plaintiff pre-judgment and post-judgment interest under the FLSA and the NYLL;

      j.      awarding Plaintiff reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

      k.    awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York  
      June 3, 2020

                                          PECHMAN LAW GROUP PLLC

                          By:      *s/Louis Pechman*  
                                      Louis Pechman  
                                      Laura Rodriguez  
                                      Pechman Law Group PLLC  
                                      488 Madison Avenue - 17th Floor  
                                      New York, New York 10022  
                                      (212) 583-9500  
                                      pechman@pechmanlaw.com  
                                      rodriguez@pechmanlaw.com  
                                      *Attorneys for Plaintiff*